This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Carroll County Common Pleas Court, finding defendant-appellant, Paul E. Moss, Jr., guilty of vandalism, in violation of R.C. 2909.05(B)(1)(b), along with his subsequent sentencing thereon.
On March 18, 1999 at approximately 4:30 A.M., Patrolman Eick, of the Village of Carrollton Police Department, was on routine patrol when he was notified by a concerned motorist that numerous newspapers were blowing around the downtown area. (Tr. 42-43). In response to this information, Patrolman Eick proceeded downtown where he found several newspapers had, in fact, been strewn about the area. (Tr. 43). Upon further investigation, Patrolman Eick discovered that a sign from the "Bargains Down Under" store appeared to have been forcibly removed from its prior location on the railing leading into the store. (Tr. 43-45).
On July 6, 1999, the Carroll County Grand Jury indicted appellant on three counts of vandalism. Appellant pled not guilty to all charges and this matter proceeded to a jury trial on July 26, 1999.
At trial, the owner of "Bargains Down Under," David Stout, testified that his business is located downstairs, has no windows and is identified only by two signs bolted to a railing, the smaller of which was forcibly removed on the night in question. (Tr. 74-76).
Another witness, Larry Bennett, testified that he and his cousin, Steve Bennett, were with appellant on the night in question and that the three men unsuccessfully attempted to remove the larger "Bargains Down Under" sign from the railing. (Tr. 81). Being unable to remove the larger sign, the trio decided to rip the smaller sign off the railing instead. (Tr. 81). The testimony elicited at trial revealed that Larry Bennett had provided conflicting statements to the police, one indicating appellant tore the sign down and the other indicating he tore it off the railing. (Tr. 89-90).
William Abrahims testified that he owns and resides above the "Betty Kaye Bakery" in downtown Carrollton. (Tr. 114-115). On direct examination, Abrahims stated that on the night of March 18, 1999, when he was awakened by noise outside the bakery, he peered out of his bedroom window and noticed three men trying to tear down the sign at the "Bargains Down Under" store. (Tr. 115-116). The day after the incident, Mr. Abrahims provided police officials with a statement indicating what he had witnessed the previous night at "Bargains Down Under" and he maintained the same at trial. (Tr. 124-126).
William Abrahims, Jr. arrived at his father's bakery while the vandalism was taking place. (Tr. 132-33). Abrahims, Jr., who was quite familiar with appellant, testified that though he was under the mistaken belief that appellant was incarcerated at the time, he remarked to his father that one of the individuals engaged in the misconduct appeared to him to be appellant. (Tr. 135).
Upon taking the stand in his own defense, appellant testified that he did not rip the sign from the railing at the "Bargains Down Under" store. (Tr. 147). Rather, appellant pointed to Larry Bennett as the culprit. (Tr. 145). However, appellant did not debate that he was present at the scene when the offense was taking place. (Tr. 145).
Upon due consideration of the testimony presented, the jury found appellant guilty on the third count of vandalism. The trial court rendered judgment upon such verdict and sentenced appellant to a definite incarceration term of twelve months. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "APPELLANT'S CONVICTION FOR ONE COUNT OF VANDALISM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that appellee failed to establish all of the requisite elements beyond a reasonable doubt to support a finding of guilty on the third count of vandalism. Specifically, appellant asserts that appellee did not present sufficient evidence to demonstrate that the sign removed from the front of "Bargains Down Under" was necessary to conduct business.
R.C. 2909.05(B)(1)(b) states:
 "No person shall knowingly cause serious physical harm to property that is owned or possessed by another, when * * * the following applies:
"* * *
"(b) Regardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in his profession, business, trade, or occupation."
In order to meet its burden, appellee had to present sufficient evidence to satisfy the elements necessary for a conviction based upon the aforementioned statute. Therefore, appellee was required to show that the sign was damaged by appellant and that the sign was necessary for the owner to conduct business.
It was uncontradicted throughout trial that the sign was indeed torn down, which is sufficient to prove the damage element. Accordingly, appellee only needed to prove that appellant was the individual who caused the damage to the sign and that the sign was necessary for the owner of "Bargains Down Under" to engage in business. Appellant apparently takes no issue with his involvement in removing the sign but rather, simply argues that the sign was not necessary in order for Mr. Stout to conduct his business.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Thompkins,supra.
"When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony." Thompkins, supra
at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 45. "`The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra at 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175.
Upon conscientious review of the testimony elicited at trial, it is clear that the jury in the case sub judice did not lose its way.
The evidence was sufficient to support the jury's finding that appellant did engage in acts constituting vandalism. Appellant's own testimony did not dispute appellee's assertion that he was present when such criminal behavior occurred. Though appellant claims he did not take part in the vandalism, conflicting testimony from other witnesses was tendered for the jury's consideration. As the trier-of-fact, the jury must function to assess the credibility of each witness and reach a final determination on such basis. That the jurors chose to view the other testimony presented at trial as more believable than appellant's testimony does not mandate reversal as being against the manifest weight of the evidence.
The evidence presented by appellee was such that a reasonable jury could find that appellant damaged the sign at "Bargains Down Under," and could, likewise, have concluded that the sign was necessary for the owner to conduct business. Because "Bargains Down Under" does not have any windows for potential customers to see into the store, the signs are necessary to notify potential customers of the store's existence. Further, both signs are necessary as they alert potential customers traveling from opposite directions as to the store's inconspicuous location. Therefore, both signs are necessary for Mr. Stout to conduct his business.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs. Waite, J., concurs.